UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SANDRA L. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:13-CV-89 |
| | ) | (JORDAN/SHIRLEY) |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for a report and recommendation regarding disposition of the Plaintiff's Application for Award of Attorney's Fees under Equal Access to Justice Act 28 U.S.C. § 2412(d)(1)(A) [Doc. 15]. The Plaintiff requests the Court enter an Order awarding fees in the amount of $1,843.93 under the Equal Access to Justice Act ("EAJA").

I. **BACKGROUND**

On June 14, 2013, the Plaintiff filed a Motion for Judgment on the Pleadings and Memorandum in Support. [Docs. 10, 11]. The Commissioner subsequently filed a Motion for Summary Judgment and Memorandum in Support [Docs. 12, 13] on July 11, 2013. On March 10, 2014, United State District Judge R. Leon Jordan entered a Memorandum and Order [Doc. 14] granting in part and denying in party the Plaintiff's Motion for Judgment on the Pleadings and granting in part and denying in part the Commissioner's Motion for Summary Judgment.

1

The case was remanded to the ALJ for further development concerning the Plaintiff's ability to perform other work given the Plaintiff's residual functional capacity.

## II.  ANALYSIS

Now before the Court is the Plaintiff's request for attorney's fees under the EAJA.  Four conditions must be met before fees will be awarded under the EAJA:

> 1.  Plaintiff must be a prevailing party;
>
> 2.  The Commissioner's position must be without substantial justification;
>
> 3.  No special circumstances warranting denial of fees may exist; and
>
> 4.  The application for attorney fees must be filed within 30 days of the final judgment in the action.

See 28 U.S.C. § 2412(d)(1).

### A.  Plaintiff is the Prevailing Party

In this case, the Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders her a "prevailing party."  See Melkonyan v. Sullivan, 501 U.S. 89 (1991).

Thus, the Court finds the first condition for granting fees under the EAJA has been met.

### B.  The Commissioner's Position Was without Substantial Justification

To satisfy the "substantial justification" requirement the Commissioner's position must be justified, "both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989).  In this case, the Commissioner has stated that she does not oppose Plaintiff's request for EAJA fees [Doc. 18], and has thereby

2

conceded that the Commissioner's position in this matter was not substantially justified.

Thus, the Court finds that the second condition for granting fees under the EAJA has been met.

### C. There are No Special Circumstances Affecting an Award of Attorney's Fees

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney fees unjust.

Thus, the Court finds that the third condition for granting fees under the EAJA has been met.

### D. The Plaintiff's Request for an Award of Fees is Timely

On May 19, 2014, the Plaintiff moved for a total fee amount of $ 1,843.93.[1] [Doc. 15]. The motion included a proper application for fees and was filed within 30 days of the final judgment in this matter.

Thus, the Court finds that the fourth condition for granting fees under the EAJA has been met.

### E. The Court Finds that the Fees Requested Are Reasonable

Further, the Commissioner has no opposition to Plaintiff's request for EAJA fees and has conceded that the Plaintiff is entitled to $1,475.00 for attorney fees, $350.00 in costs, and $18.93 in expenses, for a total fee award of $1,843.93. [Doc. 18].

The Court has considered the amount requested, and the Court finds that the fees

---

[1] The fee requests represents 11.80 attorney work performed hours at $125.00/hour, $350.00 in costs, and $18.93 in expenses for a total of $1,843.93.

3

requested are reasonable.

III.   **CONCLUSION**

Based upon the foregoing, the Court finds that the Plaintiff's motion is well-taken. It is hereby **RECOMMENDED**[2] that Plaintiff's Application for Award of Attorney's Fees under Equal Access to Justice Act 28 U.S.C. § 2412(d)(1)(A) [**Doc. 15**] be **GRANTED**, and a judgment awarding Plaintiff[3] the amount of $1,475.00 for attorney fees, $350.00 in costs, and $18.93 for expenses be entered.

Respectfully submitted,

 s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

[3] The Court notes that the EAJA award is properly payable to the Plaintiff, as opposed to Plaintiff's counsel. See Sisk v. Comm'r of Soc. Sec., No. 1:09-cv-220, 2011 WL 796780, at *1 (E.D. Tenn. Feb. 8, 2011) (stating that "[a]lthough it appears that [p]laintiff has assigned her right to any fee award to her attorneys, the fee award is payable directly to [p]laintiff") adopted by 2011 WL 796756, at *1 (E.D. Tenn. Feb. 28, 2011); see also Vanderlaan v. Comm'r of Soc. Sec., No. 1:10-cv-858, 2011 WL 4479453, at *2 (W.D. Mich. Sept. 8, 2011) ("Simply stated, the Supreme Court has held that payment of EAJA fees must be made to the party, not her attorney, and the Court declines to disregard such clear and controlling direction.") adopted by 2011 WL 4479444, at *1 (W.D. Mich. Sept. 27, 2011).