UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SANDRA L. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:13-CV-89 |
| | ) | (JORDAN/SHIRLEY) |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) for a report and recommendation regarding disposition of Plaintiff's Motion for Approval of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [Doc. 21]. The Plaintiff seeks a fee award in the amount of $6,477.48. [Id.].

**I.      BACKGROUND**

On March 10, 2014, United States Chief District Judge R. Leon Jordan entered an Order granting in part and denying in part the Plaintiff's Motion for Judgment on the Pleadings and remanding the case to the Commissioner for the reasons explained in the Memorandum and Order. [Doc. 14].

On May 19, 2014, Plaintiff filed a Motion for Attorney Fees Under the Equal Justice Act [Doc. 15] requesting $1,475.00 for 11.80 attorney hours at $125.00 per hour, $350.00 for filing costs, and $18.93 in expenses. [See Doc. 16]. This Court recommended that Plaintiff's Motion be granted in the requested amount. [Doc 19]. The District Court adopted the

1

Case 2:13-cv-00089-RLJ-CCS   Document 26   Filed 02/12/15   Page 1 of 7   PageID #: 570

recommendation and ordered an award of $1,475.00 for attorney fees, $350.00 for costs, and $18.93 for expenses on July 1, 2014. [Doc. 20].

## II. POSITIONS OF THE PARTIES

Plaintiff's counsel requests approval to charge attorney fees pursuant to 42 U.S.C. § 406(b) based on his contingency fee contract with Plaintiff. [Doc. 21]. Plaintiff's counsel asserts that the Commissioner withheld $16,477.48 for attorney's fees, totaling 25% of Plaintiff's award of past due benefits. [Doc. 21]. Plaintiff's counsel submitted an affidavit detailing the hours spent representing Plaintiff in furtherance of her appeal in federal court, reflecting a total of 12.20 attorney hours. [Doc. 22]. Plaintiff's counsel states that he was previously awarded $10,000.00 and that he is entitled to $6,477.48 for the hours expelled for Plaintiff's appeal in federal court. [Doc. 21; 23]. Plaintiff's counsel argues that this amount is reasonable and must be upheld pursuant to Gisbrecht v. Barhhart, 535 U.S. 789 (2002). [Id.]. The Commissioner does not oppose the Plaintiff's Motion and confirms that Plaintiff was awarded a total amount of past due benefits of $65,909.90. [Doc. 24; 25].

## III. ANALYSIS

Now before the Court is a request from Plaintiff's counsel for attorney's fees pursuant to 42 U.S.C. § 406(b). Three conditions must be met before fees will be awarded:

> 1. The Court must have rendered a judgment favorable to the Plaintiff;
>
> 2. The Plaintiff must have been represented by counsel; and
>
> 3. The Court must find that the fee is reasonable and not in excess of twenty-five (25) percent of the total past due benefits to which Plaintiff is entitled.

See 42 U.S.C. § 406(b)(1)(A). The Court will first address whether all three conditions are met

2

for an award of attorney's fees under section 406(b).

A.  **The Plaintiff has received a favorable judgment**

In this case, the Plaintiff "obtained a 'sentence four' remand, which, for purposes of section 406(b), may be considered a 'favorable judgment.'" <u>Justus v. Colvin</u>, No. 3:11-CV-148-PLR-CCS, 2014 WL 3051384, at *2 (E.D. Tenn. July 3, 2014) (internal citations omitted) (quoting <u>Bergen v. Comm'r of Soc. Sec.</u>, 454 F.3d 1273, 1277 (11th Cir. 2006)).

Thus, the Court finds that the first condition for granting attorney's fees under section 406(b) has been met.

B.  **The Plaintiff was represented by counsel**

In support of his motion for attorney's fees, Plaintiff's counsel attached a signed agreement between counsel and his client which provides for a contingent fee in the amount of twenty-five percent of the past-due benefits received by the Plaintiff as payment for counsel's representation. [Doc. 22].

Accordingly, the Court finds that the Plaintiff was represented by counsel for this claim.

C.  **The requested fee amount is reasonable**

Counsel for Plaintiff submits that a fee request of twenty-five percent of the past-due benefits awarded to the Plaintiff is reasonable because the twenty-five percent cap has been upheld by case law and is consistent with the agreement between counsel and his client. [Doc. 23]. The Commissioner offers no objection, [Doc. 24], and the Court concurs with Plaintiff that the requested amount is reasonable.

Even with an unopposed motion for attorney's fees, courts must still determine whether the requested fee is reasonable. <u>Gisbrecht</u>, 535 U.S. at 807. The Court of Appeals for the Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of

3

the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." Rodriquez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." Hayes v. Sec'y of Health & Human Servs., 923 F.2d 418, 419 (6th Cir. 1990) (citing Rodriquez, 865 F.2d at 746).

The Sixth Circuit "provides a floor" for determining the reasonableness of requested attorney fees. Hayes, 923 F.2d at 422. Where the amount requested divided by the numbers of hours expended is less than twice the standard rate for such work in the relevant market, "a district court has no basis for questioning . . . the reasonableness of the fee." Id. The Hayes court explained:

> [A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable. If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would 'enjoy a windfall because of . . . minimal effort expended.'

Id. (quoting Rodriquez, 865 F.2d at 746. )

Here, Plaintiff requests an award of fees in the amount of $6,477.48 for 12.20 attorney hours. [Doc. 21; 22]. In support of his motion, Plaintiff's counsel provided a copy of the fee contract signed by Plaintiff setting forth a contingency fee of twenty-five percent. [Doc. 22]. The Commissioner has not alleged, and the Court is not aware of, any improper conduct, delay, or ineffective representation on the part of Plaintiff's counsel.

4

Courts have typically found that $200.00 is an appropriate standard market rate for consideration of motions for attorney fees under 42 U.S.C. § 406(b). See Brooks v. Astrue, No. 3:06-CV-469, 2010 WL 935705, at *3 (E.D. Tenn. Jan. 13, 2010) (internal citations omitted) ("the Court will apply $200 per hour as the standard rate of compensation for its calculations under § 406(b)."); Teffeteller v. Astrue, No. 3:07-CV-360, 2010 WL 2010842, at *4 (E.D. Tenn. Apr. 9, 2010) (internal citations omitted). Plaintiff requests payment at an approximate rate of $531.00 per hour. [See Doc. 21; 22]. Because the fees requested exceed the threshold set forth in Hayes, this Court shall consider arguments attempting to rebut the presumption of reasonableness of the attorney fees. See 923 F.2d at 422.

The Court finds that Plaintiff's request does not constitute a windfall as a matter of law. See Teffeteller v. Astrue, No. 3:07-CV-360, 2010 WL 2010842, at *4 (E.D. Tenn. Apr. 9, 2010) (internal citations omitted) (granting a request at a hypothetical rate of $722.85 and finding that "the presumption of reasonableness that ordinarily applies to contingent fees of 25 percent of past-due benefits in this Circuit controls this case."). The Court considers the factors set forth in Hayes and finds them persuasive of reasonableness. Specifically, Plaintiff's counsel itemized statement reflects that the majority of work performed constitutes attorney time, as opposed to clerical or paralegal work. [See Doc. 22].

The Court appreciates the nature of contingency contracts and the risk absorbed by attorneys in these matters. See Royzer v. Sec'y of Health & Human Servs., 900 F.2d 981, 982 (6th Cir. 1990) (In considering contingency agreements, "we cannot ignore the fact that the attorney will not prevail every time . . . Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast."). The Court is further inclined to honor the contract willingly entered into by Plaintiff and his attorney without consideration of

5

the hours expended. Both parties shared a risk in entering into a contingency agreement, namely that counsel would work for free or Plaintiff would pay a higher fee. Accordingly, the Court finds that an award of $6,477.48 for 12.20 attorney hours, [Doc. 21; 22], equaling an hourly rate of $531.00, does not rebut the presumption of reasonableness.

The Court notes that when attorney's fees are awarded for the same work under both the EAJA and section 406(b), the attorney is required to refund the smaller of the two fees to the claimant. Jankovich v. Bowen, 868 F.2d 867, 871 n.1 (6th Cir. 1989). In this case, as previously mentioned, the Plaintiff has already obtained an EAJA award in the amount of $1,475.00, which would be the smaller of the two awards. [See. Doc. 21].

## IV. CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiff's Motion is well-taken. It is hereby **RECOMMENDED**[1] that the Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [**Doc. 21**] be **GRANTED**.

The undersigned **RECOMMENDS** the following:

(1) Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) **[Doc. 21]** should be **GRANTED** and Plaintiff awarded fees in the amount of **$6,477.48**;

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

6

(2)  The District Court should order Attorney Harry J. Smith, upon receipt of his fee of $6,477.48, to remit to Plaintiff the $1,475.00 award he previously received from the Commissioner pursuant to EAJA, 28 U.S.C. § 2142(d) and the Court's Order [Doc. 20] of July 1, 2014.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge